[Crim. No. 2773.   Second Appellate District, Division One.—November 13, 1935.]

THE PEOPLE, Respondent, v. ALBERT C. MOORE, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

DORAN, J.—Charged with the offense of murder, appellant, Albert C. Moore, was found guilty by a jury of the offense of manslaughter. The crime was the product of a party at appellant's home at which there was considerable liquor consumed. In addition to appellant and his wife, two daughters of appellant's wife by a former marriage, and their respective husbands, and two children of one of the daughters were present. Provoked by a trivial argument, appellant left the room, procured a gun and upon his return, fired at Percy Jones, husband of one of the daughters. The shot missed its intended target but took the life of appellant's wife.

On an appeal from the judgment and an order denying a motion for a new trial, appellant presents four asserted prejudicial errors for consideration, namely: ''1. The court erred in commenting on the evidence and discussing the case in detail, after the jury had retired to deliberate and had already been out nearly eleven hours. 2. The court erred in its instructions as to the law of manslaughter in its comments on the evidence. 3. The court erred in refusing to permit the testimony of Mrs. Thebold, as to the declarations of Mrs. Moore before she died. 4. The court erred in coercing the jury under threats to reach a verdict.''

With respect to the first point, the jury asked for further instructions and the court acted within the rule in explaining instructions theretofore given. As to the second point, the jury was fully and correctly instructed as to the crime of manslaughter. The refusal by the court

to permit in evidence the so-called dying declarations of deceased, the third claim of error herein, was proper. Appellant was unable to make the necessary proof that such declarations were dying declarations within the rule, and they therefore were justly excluded as hearsay. ▮ The fourth point, namely, that the court coerced the jury, is without foundation. A reading of the entire record on this subject clearly reveals appellant's contention unwarranted.

There being no prejudicial errors in the record, the judgment and order are affirmed.

Houser, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 13, 1935.